UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RUIZ,<br>    Petitioner,<br>    v.<br>STUART RYAN,<br>    Respondent. | Case No. 17-cv-06572-WHO (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>Dkt. No. 4 |

## INTRODUCTION

Petitioner Pedro Ruiz seeks federal habeas relief from his state convictions. The petition for such relief was stayed at his request. He now moves to dissolve the stay. That motion (Dkt. No. 4) is GRANTED. The stay is DISSOLVED and the action is REOPENED. The Clerk shall modify the docket accordingly.

The petition has been reviewed under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases and has been found to state cognizable claims. Accordingly, on or before **April 16, 2018**, respondent shall file an answer or dispositive motion in response to the habeas petition.

## BACKGROUND

In 2015, a Monterey County Superior Court jury convicted Ruiz on charges of lewd acts upon a child under the age of 14. In consequence, Ruiz was sentenced to 12 years in

state prison.

Ruiz's attempts to overturn the decision in state court were unsuccessful. This federal habeas petition followed.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Ruiz alleges (1) defense counsel rendered ineffective assistance, particularly when *Miranda*, jury instruction, and Confrontation Clause issues arose; and (2) appellate counsel rendered ineffective assistance. When liberally construed, these claims are cognizable on federal habeas review.

**CONCLUSION**

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. On or before **April 16, 2018**, respondent shall file with the Court and serve on petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

<mark>United States District Court
Northern District of California</mark>

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **April 16, 2018**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. The motion to dissolve the stay (Dkt. No. 4) is GRANTED.

9. The Clerk shall terminate Dkt. No. 4.

**IT IS SO ORDERED.**

**Dated:** February 16, 2018



WILLIAM H. ORRICK
United States District Judge